[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has filed a motion to modify child support, coded No. 148, and the defendant has filed a motion to modify child support, coded No. 152.
The parties are in dispute regarding the gross and net weekly income of the defendant. The court finds that his gross weekly income is $2349, and his net weekly income is $1639. The court finds that the plaintiff's gross weekly income is $909.31, and her net weekly income is $505.54. The combined net weekly income of the parties is $2144.54. There are three minor children, issue of the marriage. CT Page 8642
Based on a combined net weekly income of $1750, the total support obligation would be $572 representing 32.70 percent of the net income. The plaintiff would seek to have the court extrapolate the 32.70 percent for the full amount of the net weekly income. The court rejects that method. The court finds that the appropriate total support to be paid for all three children is $670 per week. The defendant's decimal share of the $670 is 76 percent or $509 per week. At the time of judgment, the parties entered into a shared custody arrangement which was approved by the court. The agreement did not call for any deviation based on shared custody at that time, but did allow the defendant to seek a modification in child support with a deviation based on shared custody if it was as a result of a substantial financial or extraordinary change of circumstances. The court does find that there has been a substantial change in circumstances as a result of the plaintiff's net weekly income increasing from $230 per week to $505.54 per week. The support guidelines do give the court the discretion to deviate for shared custody arrangements. The court in this case, in the exercise of discretion, declines to deviate from the guidelines, but does enter an order that is in substantial compliance with the guidelines, and orders support increased to $470 per week effective on the filing of this decision.
Axelrod, J.